Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI GIAVASIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNTAIN RUN SOLUTIONS, LLC, D/B/A PERFECTION COLLECTION, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE §1788 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NIKKI GIAVASIS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendant MOUNTAIN

RUN SOLUTIONS, LLC, D/B/A PERFECTION COLLECTION upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq. (hereinafter "TCPA") and the Rosenthal Fait Debt Collection Practices Act, Cal Civ. Code §1788, et seq. (hereinafter "RFDCPA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff no Plaintiff's cellular telephone, thereby the TCPA, 47 U.S.C. § 227. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. In addition to Plaintiff's Class Claims, Plaintiff also brings an action for damages as an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company that does business in the state of California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00

threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of California and Plaintiff resides within this District.

## PARTIES

6. Plaintiff, NIKKI GIAVASIS (hereinafter "PLAINTIFF"), is a natural person as defined by 47 U.S.C. §153(39) residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "a "debtor" under the RFDCPA, Cal. Civ. Code §§1788.2(h).

7. At all relevant times herein, DEFENDANT, MOUNTAIN RUN SOLUTIONS, LLC, D/B/A PERFECTION COLLECTION ("DEFENDANT"), is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant is a "debt collector," under the RFDCPA, Cal. Civ. Code §1788.2(c). Defendant is a person as defined by 47 U.S.C. §153(39).

8. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "consumer debt(s)," under the RFDCPA, Cal. Civ. Code §1788.2(f).

///

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS – TCPA

11. Beginning in or around February of 2019, Defendant contacted Plaintiff on her cellular telephone number ending in -4532, in an effort to collect an alleged debt owed from Plaintiff.

12. In its efforts to collect the alleged debt owed from Plaintiff, Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to collect an alleged debt owed.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*. Furthermore, Plaintiff orally revoked any and all consent to be contacted using an automated telephone dialing system, to the extent any ever existed.

## FACTUAL ALLEGATIONS – FDCPA

16. In addition to the facts pled above, Plaintiff, further alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other debtors by systematically sending them mail based collection correspondence that failed to advise the debtors that within five (5) days after the initial communication with a debtor in connection with collection of any debt, the debt collector must send them a written notice informing them that, and not limited to, debts will be assumed valid unless disputed within thirty (30) days of the initial communication, and that debtors may demand, and debtor collectors must provide, verification of the debt if debtor requests verification in writing within thirty (30) days of the initial communication in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(3) & 1692g(a)(4), respectively, and made applicable to Defendant through the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

///
///
///
///
///
///
///

17. Furthermore, pursuant to Cal. Civ. Code §§ 1812.700(a) & (b), debt collectors subject to the FDCPA communicating with California consumers in connection with the collection of alleged debts must, additionally to the requirements of the RFDCPA, Cal. Civ. Code § 1788.10, include the following disclosure language in their first written communication with California consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about y our debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

18. Defendant mailed Plaintiff a collection letter on February 18, 2019, Plaintiff received a letter from Defendant alleging an owed debt (hereinafter "letter").

19. The letter dated February 18, 2019, constitutes the first direct communication with Plaintiff in connection with collection on the alleged debt.

///

20. The alleged debt Defendant attempted to collect from Plaintiff is for $1,872.93 for services allegedly rendered ("the alleged debt").

21. Plaintiff alleges that Defendant omitted the required disclosure language from all communications with Plaintiff in connection with the alleged debt described herein.

22. Such conduct is inherently deceptive and misleads the least-sophisticated debtor.

23. Defendant's acts and omissions were intentional and resulted from Defendant's desire to mislead debtors into making payments without apprising them of their rights under California State laws.

24. In the letter, Defendant threatened reporting the debt to credit reporting agencies.

25. Defendant did not apprise Plaintiff in the letter of his rights under the RFDCPA and applicable Fair Debt Collection Practices Act provisions.

26. Nowhere do the above cited collection letters provide plaintiff notice that defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

27. Defendant neither informed Plaintiff that the debt will be assumed valid nor informed Plaintiff that Defendant must verify the debt if Plaintiff disputes it at all. That is, Defendant neither made such disclosures within five (5) days of first contact with Plaintiff in connection with debt collection, nor made such disclosures in any subsequent communication.

28. Defendant failed to include the disclosure language required by Cal. Civ. Code §§ 1812.700(a) & (b) in any of its letters to Plaintiff.

///

///

///

29. Ultimately, these communications, namely the letters from Defendant, mislead Plaintiff into believing he lacked rights that he in fact had, in direct violation of the RFDCPA. Furthermore, as a direct and proximate result of Defendants RFDCPA violations, Plaintiff felt harassed, anxious, and annoyed.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action individually and on behalf of all others similarly situated.

31. Plaintiff represents and is a member of the proposed TCPA class (hereafter "The TCPA Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

32. Plaintiff represents and is a member of the proposed RFDCPA class (hereafter "The RFDCPA Class") defined as follows:

   a. All California residents who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that the alleged debt will be assumed valid unless disputed within thirty (30) days;

   b. All California residents who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days; and

CLASS ACTION COMPLAINT
-8-

      c.  All California residents who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in Defendant's first writing the notice requirements of Cal. Civ. Code § 1812.700(a).

33. The TCPA Class and The RFDCPA Class shall be referred to jointly as "The Classes."

34. Plaintiff and members of The TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

35. As a result of Defendant's conduct, Plaintiff and members of the RFDCPA Class have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Class into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

36. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

37. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members. Plaintiff alleges that The Class

members may be ascertained by the records maintained by Defendant.

38. Common questions of fact and law exist as to all members of The TCPA Class which predominate over any questions affecting only individual members of The TCPA Class. These common legal and factual questions, which do not vary between TCPA Class members, and which may be determined without reference to the individual circumstances of any TCPA Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a TCPA Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the TCPA Class members were damages thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The TCPA Class. Plaintiff will fairly and adequately represent the and protect the interests of the TCPA Class in that Plaintiff has no interests antagonistic to any member of the TCPA Class.

///
///
///
///

40.  The questions of law and fact relevant to the RFDCPA Class predominate over questions which may affect individual RFDCPA Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

        i. Failed to notify in writing within five (5) days after the communication that the debt will be assumed valid unless consumer disputes the debt within thirty (30) days; and

        ii. Failed to notify in writing within five (5) days after the communication that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days;

        iii. Failed to provide in its first written communication with Plaintiff and RFDCPA Class members the disclosure language from Cal. Civ. Code § 1812.700(a);

    b. Whether Plaintiffs and the RFDCPA Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

41.  As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the RFDCPA Class.  Plaintiff will fairly and adequately represent and protect the interests of the RFDCPA Class in that Plaintiff has no interests antagonistic to any member of the RFDCPA Class.

42.  Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of TCPA and RFDCPA class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

///

48. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

49. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

52. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

53. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

54. Plaintiff repeats and reincorporates by reference into this cause of action allegations set forth above.

///

55. Pursuant to § 1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. The references to federal codes in this section refer to those codes as they read January 1, 2001."

56. Defendant therefore violated the RFDCPA in at least the following ways:

    a. Failing, within five (5) days after the initial communication with debtors such as Plaintiff and Class members in connection with collection on an alleged debt, to send debtors written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the aforementioned initial communication, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector (FDCPA, 15 U.S.C. § 1692g(a)(3));

    b. Failing, within five (5) days after the initial communication with debtors such as Plaintiff and Class members in connection with collection on an alleged debt, to send written notice containing a statement that if the consumer notifies the debt

collector in writing within the thirty (30) day period following the aforementioned initial communication that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the debtor and a copy of such verification or judgment will be mailed to the debtor by the debt collector (FDCPA, 15 U.S.C. § 1692g(a)(4)).

57. Thus, by engaging in conduct prohibited by Sections g(a)(3) and g(a)(4) of the FDCPA, Defendant violated the RFDCPA.

58. Furthermore, a debt collector must make the disclosure required by Cal. Civ. Code § 1812.700(a) and must do so in its first writing to consumers in connection with debt collection under Cal. Civ. Code § 1812.700(b) which Defendant failed to do.

59. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, for violations of the RFDCPA pursuant to the RFDCPA, Cal. Civ. Code § 1788.30, statutory damages in the amount of $1,000.00 each, for violations of the RFDCPA pursuant to the FDCPA, 15 U.S.C. § 1692k made applicable to Defendant through the RFDCPA, Cal. Civ. Code § 1788.17, actual damages, and reasonably incurred attorney's fees and costs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///

# THIRD CAUSE OF ACTION

## Violations of the Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. For statutory damages of $1,000.00 for Plaintiff and each member of the Class pursuant to Cal. Civ. Code §1788.30;
- B. For statutory damages of $1,000.00 for Plaintiff and each member of the Class pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA, made applicable through Cal. Civ. Code § 1788.17 of the RFDCPA;
- C. For actual damages according to proof;
- D. For such other and further relief as may be just and proper.

## TRIAL BY JURY

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 2nd day of January, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff